```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW HAMPSHIRE
```

Heather Butler-Tessier
et al.

    v.                              Civil No. 14-cv-306-JL
                                        Opinion No. 2016 DNH 047
National Railroad Passenger
Corporation


**MEMORANDUM ORDER**

In a negligence action that conjures the shade of Mrs. Palsgraf, plaintiff Heather Butler-Tessier was injured after falling from a moving train operated by the defendant, the National Railroad Passenger Corporation, commonly known as Amtrak.  Butler-Tessier, a resident of Hopkinton, New Hampshire, sued Amtrak in Merrimack County Superior Court, asserting one count of negligence.  Her husband and co-plaintiff, Christopher Tessier, claims loss of consortium.  Amtrak removed the action to this court, which has jurisdiction under 28 U.S.C. §§ 1331 and 1349 because Amtrak was incorporated by an Act of Congress and the United States owns more than one-half of its capital stock.  See Rail Passenger Service Act of 1970, 84 Stat. 1327 (1970) (codified as amended at 49 U.S.C. §§ 24101 et. seq.); Fed. Intermediate Credit Bank of Columbia, S.C., v. Mitchell, 277 U.S. 213, 214 (1928) ("A suit by or against a corporation

created under an act of Congress is one arising under the laws of the United States.").

Amtrak moves for summary judgment, see Fed. R. Civ. P. 56, arguing that Butler-Tessier cannot prove that any breach of a duty owed to her by Amtrak caused her injuries. Butler-Tessier counters that Amtrak breached one or more of several duties and that her injury resulted from those breaches. For the reasons discussed more fully below, the court concludes that significant questions of material fact preclude summary judgment, including whether the train was moving with one of its doors open and just how Butler-Tessier exited the moving train.

I. **Applicable legal standard**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if it could reasonably be resolved in either party's favor at trial, and "material" if it could sway the outcome under applicable law. See Estrada v. Rhode Island, 594 F.3d 56, 62 (1st Cir. 2010). In analyzing a summary judgment motion, the court "views all facts and draws all reasonable inferences in the light most favorable to the non-moving" parties. Id.

**II.   Background**

The following summary views the facts and draws the inferences as described above.  On the morning of November 6, 2013, Butler-Tessier drove her parents to the Route 128 station in Westwood, Massachusetts, to catch a train operated by the defendant.  When the train arrived at the station, she helped her parents and their luggage aboard.  She did not have a ticket.  After depositing their luggage near the door, she helped her parents find a seat.  Then the train began to move.  Realizing this, Butler-Tessier left her parents and walked forward, passing through the doors that connected her parents' car to the café car.  One of the doors on the side of the café car, which the parties term a "vestibule door," was ajar.  Butler-Tessier exited the moving train, though the parties disagree precisely how:  Amtrak contends that she jumped; Butler-Tessier, that she did not.  They do agree that the injured Butler-Tessier was eventually found beside the tracks west of the Route 128 station and subsequently airlifted to Boston Medical Center for treatment.

**III. Analysis**

To succeed on a negligence claim, a plaintiff must "establish that the defendant owed a duty to the plaintiff, breached that duty, and that the breach proximately caused the

claimed injury." Estate of Joshua T. v. State, 150 N.H. 405, 407 (2003) (quotations and citations omitted).  Rather appropriately to this case, the law in New Hampshire "derive[s] [its] concepts of duty and foreseeability from Chief Justice Cardozo's majority opinion in Palsgraf v. Long Island Railroad Co., 248 N.Y. 339 (1928)." Manchenton v. Auto Leasing Corp., 135 N.H. 298, 304 (1992).

To prove the proximate cause element, which Amtrak argues that Butler-Tessier cannot, the plaintiff must prove both cause-in-fact and legal cause.  To accomplish the former, she "must produce evidence sufficient to warrant a reasonable juror's conclusion that the causal link between the negligence and the injury probably existed." Estate of Joshua T., 150 N.H. at 407. And to carry her burden on the latter, she must "establish that the negligent conduct was a substantial factor in bringing about the harm." Id.  The question of "proximate cause is generally for the trier of fact to resolve." Carignan v. New Hampshire Int'l Speedway, Inc., 151 N.H. 409, 414 (2004).  The evidence here suggests that a reasonable jury could resolve that question in Butler-Tessier's favor.

All parties agree that Butler-Tessier left the train while it was moving.  Butler-Tessier has introduced evidence that the outer door of the café car was open at the time.  See, e.g.,

4

Plaintiffs' Ex. 13; Plaintiffs' Ex. 10 at 22, 26; Plaintiffs' Ex. 14 at 65-66. She has also introduced evidence that departing the station with an open door would violate Amtrak's passenger safety policies, if not other applicable standards. See, e.g., Plaintiffs' Ex. 12 at 45-47; Plaintiffs' Ex. 15 at 35-36; Plaintiffs' Ex. 5; Plaintiffs' Ex. 6. A reasonable jury could well find as much, and that an open door on a moving train is a "hazard . . . apparent to the eye of ordinary vigilance," Palsgraf, 248 N.Y. at 342, and a breach of a railroad's duty to keep its passengers safe, cf. Fifield v. N. R.R., 42 N.H. 225, 233 (1860) ("Railroads are bound to furnish sufficient and safe machines and cars.").

Amtrak counters that, even if the door was open, it did not cause the plaintiff's injuries; her choice to jump from the train did. But it is not clear from the evidence of record, taken in the light most favorable to the plaintiff, that she did jump. Direct evidence is scant at best. Butler-Tessier herself cannot remember how she exited the train. Nobody appears to have witnessed her exit the train.[1] At best, Amtrak is left with

---

[1] Her mother, Eleanor Butler, told Amtrak employees, among others, that her daughter jumped from the train. Butler-Tessier has challenged these statements as inadmissible hearsay. See Fed. R. Civ. P. 56(c)(2). "It is black-letter law that hearsay evidence cannot be considered on summary judgment." Davila v. Corporación De P.R. Para La Difusión Pública, 498 F.3d 9, 17 (1st Cir. 2007). Amtrak has not responded to this objection in

a contradictory medical record that states both that the plaintiff "jumped off the train" but also that her injuries "occurred by fall, from train,"[2] and a bevy of circumstantial evidence.  The plaintiff spins a different story: that, discovering that the train had departed the station without warning,[3] she hastened forward to seek help getting off the train.  <u>See, e.g.</u>, Plaintiffs' Ex. 11 at 105-106.  Along the way, she passed an open door.  Though she does not remember leaving the train, a reasonable jury could conclude from this

---

any way, and thus has not carried its burden of showing that Mrs. Butler's statements are admissible.  Even if it had, Butler-Tessier has called those statements into question -- not least by introducing evidence that her mother, who may suffer from dementia, could not see her exit the train from where they were sitting.  <u>See</u> Plaintiffs' Ex. 10 at 150.

[2] Plaintiffs have also challenged this as hearsay.  Though the court need not decide conclusively at this stage, the statements in this report may fall outside the hearsay umbrella as statements of a party-opponent, Fed. R. Evid. 801(d)(2), or under the exception for statements made for purposes of medical diagnosis as they describe the inception of her symptoms, Fed. R. Evid. 803(4).  The parties do not address the second level of hearsay implicated in this report, possibly because the attached medical record certification lays a foundation that the document is a business record.  <u>See</u> Fed. R. Evid. 803(6).

[3] The parties dispute whether a departure announcement was obligatory and, if so, whether one was given.  Assuming -- though not deciding -- that one was due, the question of whether an announcement was made and whether, if not, the defendant breached a duty owed the plaintiff are yet further questions for the jury to resolve.  <u>See</u> Walls v. Oxford Mgmt. Co., 137 N.H. 653, 656 (1993) (whether the defendant breached a given duty is a jury question).

6

that she did not jump, but fell off the train. Contrary to Amtrak's assertions, the absence of clear direct evidence is not fatal to Butler-Tessier's claim. Rather, in such cases, "the real question, then, becomes whether the evidence would permit a jury reasonably to find that plaintiff's theory of how [she] fell is more probable than defendants' theory." Ricci v. Alternative Energy Inc., 211 F.3d 157, 163 (1st Cir. 2000) Here, it would.

And even if the jury concluded that Butler-Tessier did jump, it could likely still find (a) that she would not have done so but for the door being open, and (b) that the door being open was a substantial factor contributing to her injuries. Thus, Butler-Tessier has satisfied her burden of "demonstrate[ing] that a trier of fact could reasonably resolve [this] issue in her favor." Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 5 (1st Cir. 2010). Amtrak has therefore not carried its burden of demonstrating the absence of a genuine dispute of material fact as to the element of causation.

Amtrak offers two additional arguments in favor of summary judgment. First, Amtrak posits that Butler-Tessier's injuries resulted from an intervening event, to wit, her own decision to jump off the train. See Maloney v. Badman, 156 N.H. 599, 938 A.2d 883, 886 (2007) (a deliberate, intentional and intervening

7

act on the part of the plaintiff, not reasonably foreseeable to the defendant, may break the chain of causation).  Second, it contends that Butler-Tessier's negligence outweighs its own as a matter of law -- and thus New Hampshire's comparative negligence statute bars her recovery -- because Butler-Tessier acted willfully, wantonly, and recklessly when she jumped off the train.  See N.H. Rev. Stat. Ann. § 507:7-d.  Both of these arguments assume it a foregone conclusion that Butler-Tessier jumped, rather than fell, from the moving train.  But this, as discussed supra, is instead a material fact in genuine dispute.  Even if such a conclusion were inevitable, it would unquestionably remain for the jury to weigh the parties' comparative negligence.  See Bellacome v. Bailey, 121 N.H. 23, 27, 426 A.2d 451, 453 (1981) (weighing of who was more negligent is a job for "determining the comparative negligence is a matter for the fact-finder . . . .").  Accordingly, the court must decline to enter summary judgment on these grounds as well.

**IV.  Conclusion**

Because the parties hotly dispute facts that are not only material, but central to the issues of the case, Amtrak's motion for summary judgement[4] is DENIED.

---

[4] Document no. 24.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  March 11, 2016

cc:   Jared R. Green, Esq.
      Mark A. Abramson, Esq.
      Lindsey Brooke Gray, Esq.
      Jennifer M. Lee, Esq.
      John J. Bonistalli, Esq.
      Thomas V. DiGangi, Esq.
      Jack P. Crisp, Jr.